IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13-cv-03227-RPM

DONALD K. HYER,

    Plaintiff,
v.

MICHELLE LUCERO,

    Defendant.

_____

ORDER FOR DISMISSAL
_____

    In this civil action Donald K. Hyer seeks recovery of damages under 42 U.S.C. § 1983 from Michelle Lucero, Division Clerk to Boulder County District Court Judge Mulvahill, claiming that she falsely informed the Colorado Department of Corrections that the judge had signed a new Mittimus adding a one year mandatory parole term to the sentence imposed by Judge Sandstead on May 23, 2003.  As a result the plaintiff claims he was forced to sign a parole agreement as a sex offender on parole and he has served additional time in custody before he was unconditionally released in 2012.  He claims a violation of the Fourth and Fourteenth Amendments to the United States Constitution because the defendant's conduct resulted in deprivation of his liberty.

    The defendant filed a motion to dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), claiming lack of subject matter jurisdiction under *Heck v. Humphrey,* 512 U.S. 477 (1954) and absolute immunity as a judicial officer [Doc. 5].  The plaintiff responded on March 9, 2014, [Doc. 8].  In that response he contends that although Judge Mulvahill

did order an amended Mittimus, it was days later and the judge was without jurisdiction because Mr. Hyer had already served the sentence.

The plaintiff filed a supplement to his response on March 23, 2014 [11]. He claims that Ms. Lucero had no authority to issue an Amended Mittimus because Judge Mulvahill did not have jurisdiction to order it.

In the Reply filed March 27, 2014, [Doc. 12], the defendant shows that there is an appeal pending in the Colorado Court of Appeals from Judge Mulvahill's denial of a motion under Colorado Rule of Criminal Procedure 35, asserting that the sentence imposed by Judge Mulvahill was illegal.

That question is central to the plaintiff's claim against Ms. Lucero and this Court will not interfere with the ongoing criminal proceedings. *Younger v. Harris,* 91 S. Ct. 746 (1971).

The plaintiff has failed to overcome the claim of quasi judicial immunity for the actions of a division clerk to a district judge and qualified immunity is also applicable to this case.

Accordingly, it is

ORDERED that this civil action is dismissed for lack of jurisdiction and failure to state a claim for relief.

DATED:   April 4th, 2014

                                        BY THE COURT:

                                        s/Richard P. Matsch
                                        _____
                                        Richard P. Matsch, Senior Judge